UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                          No. 00-4563

ROBERT GREGORY DAWSON,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-00-23)

Submitted: March 20, 2001

Decided: April 4, 2001

Before WIDENER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Randolph O. Gregory, Sr., Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Jonathan P. Luna, Assistant United States Attorney, James G. Warwick, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Robert Gregory Dawson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), conditioned upon his right to appeal the district court's denial of his motion to suppress. He was sentenced to eighty-four months imprisonment. Exercising his right, Dawson now appeals alleging that the district court improperly denied his motion to suppress on the ground that he lacked standing to challenge the search in question. We affirm.

Legal conclusions in the district court's ruling on a motion to suppress are reviewed de novo, while factual findings underlying the conclusions are reviewed for clear error. *Ornelas v. United States*, 517 U.S. 690, 691 (1996); *United States v. Allen*, 159 F.3d 832, 838 (4th Cir. 1998).

To challenge a search under the Fourth Amendment, an individual must be able to show that he has standing, i.e., he must show that he himself had a "legitimate expectation of privacy" in the area searched. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *see also United States v. Salvucci*, 448 U.S. 83, 91-92 (1980). To successfully make this showing, the individual must have a subjective expectation of privacy, and that subjective expectation must be reasonable. *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring). A legitimate expectation of privacy is usually demonstrated by showing that the defendant had some property or possessory interest in the area searched. *Rakas*, 439 U.S. at 148. Mere possession of the seized property is insufficient by itself to establish a legitimate expectation of privacy. *Salvucci*, 448 U.S. at 92. The proponent of a motion to suppress bears the burden of showing that he had some interest which rendered his expectation of privacy legitimate. *Rakas*, 439 U.S. at 131 n.1.

We have reviewed the briefs, the material submitted in the joint appendix, and the transcript of the district court's hearing on the motion to suppress. We find that the district court did not err in finding that Dawson lacked standing to challenge the search because Dawson did not have a legitimate expectation of privacy in the area searched, and consequently, we find no error in the district court's denial of the motion to suppress.

Accordingly, we affirm Dawson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*